UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JOSEPH SCOTT
          Plaintiff

          V.

Dr. lopez, Dr. McGann
Nurse fuller, sued in their
individual capacity
                    Defendants

JURY TRIAL DEMANDED

RECEIVED

SEP - 4 2020

AT 8:30_____M
WILLIAM T. WALSH
CLERK

CASE NO. _____

PRISONER CIVIL RIGHTS COMPLAINT
PURSUANT TO BIVENS V. SIX UNKNOWN
NAME AGENTS, 403 U.S. 388 (1971)

Date: 9/1/2020

JOSEPH SCOTT #04194-01?
P.O BOX 420
FAIRTON NJ 08320

(1)

# I. INTRODUCTION

1. This is a Bivens action filed by plaintiff Joseph Scott, a federal prisoner alleging denial of medical care in violation of the Eight Amendment. The plaintiff also seeks an injunction, and NO money damages.

# II. JURISDICTION

2. Jurisdiction of this court is invoked pursuant to 42. U.S.C. 1331(1) and 1343(a)(3)

# III. PARTIES

3. Plaintiff Joseph Scott is confined at F.C.I. fairton P.O. Box 420. fairton New Jersey 08320

4. Defendant Dr. Lopez is the medical director and is generally responsible for ensuring provision of medical care to prisoners. She is sued in her individual capacity

5. Defendant Dr. McGann is the medical director at F.C.I. fairton and is generally responsible for ensuring provision of medical

(2)

Care to prisoners, she is sued in her individual capacity

6. Defendant nurse fuller at all relevant times was a nurse employed at F.C.I. fairten she is sued in her individual capacity

7. All the defendants have acted, and continue to act under color of federal law at all time relevant to this complaint, and are being sued in their individual capacity.

## IV. EXHAUSTION

Plaintiff have exhausted his administrative remedies before filing this complaint

## V. FACTUAL STATEMENT

8. On August 18, 2019, the plaintiff notified medical services that he was suffering with extreme shoulder pain in both shoulders, neck pain, and right knee pain.

[3]

9. on September 3, 2019. I informed the Clinical director Dr McGann during my fourteen day chronic care evaluation, that I was suffering with excruciating pain in my Right and left shoulder, and requested a mrI, or to be seen by a orthopedic. I was referred to purchase over the counter medication.

10. On September 14 2019, Nurse fuller examine plaintiff for his Knee and shoulder pain nurse fuller informed plaintiff that she Can only refer inmate to purchase Commissary over the counter medication.

11. on November 14 2019. Nurse fuller examined plaintiff scott for shoulder pain, and again referred him to purchase over the Counter medication from commissary.

12. On January 14 2020 plaintiff scott was examine for his spinal pain, and was referred to purchase commissary over the counter medication.

(4)

13. On July 31, 2020. Dr lopez informed plaintiff Scott that she will not refer mr. Scott to be examined by a orthopedic, or order a MRI.

14. Plaintiff exhausted the grievance process against nurse fuller, and Dr McGann without obtaining any relief.

15. Plaintiff continues to suffer with extreme shoulder pain in both shoulders, he has loss range of motion, muscle deformity, muscle Atrophy after surgery. The pain has become so unbearable that he usually has difficulty moving his arms.

16. The area where plaintiff condition has worsen is where he received his surgeries and where he feels the most severe pain.

17. It has now been 48, month on right shoulder, and plaintiff is still suffering with surgery complications. He has loss range of motion and is suffering with Muscle Atrophy.

(5)

18. Dr. lopez is responsible for arranging for specialized care outside the prison and generally medical care.

19. The plaintiff is in great pain, and his shoulders and arms are limited in movement, and does not rotate properly

20. On information and belief of plaintiff, if he is not promptly provided with physical therapy or access to a orthopedic, he risks permanent disability.

## VI CLAIMS FOR RELIEF
## DELIBERATE INDIFFERENCE TO MEDICAL NEEDS

21. The refusal of Defendant Nurse fuller to authorize a MRI or access to a specialist "orthopedic surgeon to him constitutes deliberate indifference to plaintiff's serious medical needs in violation of the Eight Amendment

22 Defendant Prison medical director Dr. lopez, and Dr McGann has a policy

(6)

of restricting, if not outright denying access to a orthopedic surgean, or not when such care is expensive.

23. The failure of Defendant Prison Medical providers to take steps to ensure that plaintiff received the needed treatment, despite its knowledge of plaintiff's serious medical needs constitute deliberate indifference to plaintiff's serious medical needs

24. As a result of Defendant Prison Medical providers' and Defendant Nurse fuller's failure to provide needed medical treatment, plaintiff suffered further injury and physical and emotion pain and injury.

VII. RELIEF REQUESTED

WHEREFORE, plaintiff requests that this Court grant the following relief:

A. Declare that Defendant fuller violated plaintiff's Eight Amendment right

(7)

to medical care.

B. Declare that Defendant Prison Medical Director Dr Lopez violated plaintiff's Eight Amendment rights to medical care

c. Declare that Defendant Dr. McGann violated plaintiff's Eight Amendment right to medical care

D. Defendant fuller, McGann and Dr lopez actions in failing to provide adequate medical care for the plaintiff violated, and continues to violate, the plaintiff's rights under the Eight Amendment of the united states Constitution.

E. Issue an injunction ordering defendants Dr. lopez, Dr. McGann, and nurse fuller, or their agents to:
(1) Immediately arrange for the plaint.ff to be examined by a qualified physician;
(2). Immediately arrange for the plaintiff to be evaluated by a medical practitioner with expertise in the treatment and

( 8 )

restoration and function of torn rotator cuff in shoulders; and Knee, and

(3) Carry out without delay the treatment directed by such medical practitioner

F. Award Compensatory Damages in the following amount

(1) $ 0 dallors against all defendants

G. Award Punitive Damages in the following amount:

1 $ 0 dollars against all defendants.

H. Grant Temporary Restraining order and Preliminary Injunction.

pursuant to 28. U.S.C. 1746, I declare under penalty of perjury that the following is true and correct.

Respectfully submitted

Date: 9-1-2020

Joseph Scott #041944015
PO BOX 420
fourten NJ 08320

(9)