NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JOSEPH SCOTT, <br><br> Plaintiff <br><br> v. <br><br> DR. LOPEZ, *et al.*, <br><br> Defendants | CIV. NO. 20-12344 (RMB-JS) <br><br><br> **OPINION** |

BUMB, United States District Judge

This matter comes before the Court upon pro se Plaintiff Joseph Scott's ("Plaintiff") submission of an application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a) (IFP App., Dkt. No. 5), after this Court administratively terminated his civil rights complaint under 42 U.S.C. § 1983 for a deficiency in his IFP application. (Order, Dkt. No. 2.) Plaintiff is a federal prisoner incarcerated in the Federal Correctional Institution in Fairton, New Jersey. ("FCI Fairton"). Plaintiff has established his financial eligibility to proceed without prepayment of the filing fee ("i*n forma pauperis*" or "IFP") under 28 U.S.C. § 1915(a), and his IFP application will be granted. (IFP App., Dkt. No. 5.)

I.   *SUA SPONTE* DISMISSAL

When a prisoner seeks to proceed without prepayment of the filing fee for a civil action under 28 U.S.C. § 1915(a) or seeks redress from a governmental entity, officer or employee of a governmental entity or seeks relief based on a prison condition, 28 U.S.C. § 1915(e)(2)(b), § 1915A(b)(1), and 42 U.S.C. § 1997e(c) require courts to review the complaint and *sua sponte* dismiss claims that are (1) frivolous or malicious; (2) fail to state a

claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." Schreane v. Seana, 506 F. App'x 120, 122 (3d Cir. 2012) (citing Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)); Mitchell v. Beard, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(l)); Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citing Iqbal, 129 S. Ct. at 1949–50; see also Twombly, 550 U.S. at 555, & n. 3.) "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Iqbal, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citation

2

omitted).

## II.   THE COMPLAINT

Plaintiff alleges the following facts, accepted as true for the purpose of screening the complaint for *sua sponte* dismissal. Plaintiff is a prisoner at FCI Fairton. (Compl., ¶3, Dkt. No. 1.) The defendants, sued in their individual capacities, are Dr. Lopez, medical director at FCI Fairton; Dr. McGann, medical director at FCI Fairton; and Nurse Fuller, employed at FCI Fairton. (Id., ¶¶ 4-6.) On August 28, 2019, Plaintiff informed each defendant that he was suffering pain in both shoulders, his neck and right knee. (Id., ¶8.) On September 3, 2019, Plaintiff saw Dr. McGann and complained of excruciating pain in both shoulders, and he requested an MRI or an orthopedic consultation. Instead, Dr. McGann instructed Plaintiff to purchase over-the-counter medication. (Id., ¶9.) On September 16, 2019, Nurse Fuller examined Plaintiff for his complaints of shoulder and knee pain and advised Plaintiff that all she could do was refer him to purchase over-the-counter medication from the commissary. (Id., ¶10.) Two months later, Nurse Fuller prescribed the same treatment. (Id., ¶11.)) In January 2020, Plaintiff was directed to purchase over-the-counter medication for his spinal pain. (Id., ¶12.)

On July 31, 2020, Dr. Lopez informed Plaintiff that she would not refer him for an MRI or orthopedic consultation. (Id., ¶13.) Plaintiff has a history of surgeries on both shoulders, which is where his pain is the most severe. He has loss of range of motion, muscle atrophy, and difficulty moving his arms. (Id., ¶¶15-16.) Plaintiff believes that if he is not provided with physical therapy or an orthopedic consultation, he will suffer a permanent injury. (Id., ¶20.) He alleges Dr. McGann and Dr. Lopez have a policy of restricting or

3

denying access to orthopedic surgeons or MRIs based on the expense. (Compl., ¶22.)

Plaintiff seeks declaratory judgment and an injunction ordering defendants to:

> (1) Immediately arrange for the plaintiff to be examined by a qualified physician;
>
> (2) Immediately arrange for the plaintiff to be evaluated by a medical practitioner with expertise in the treatment and restoration and function of torn rotator cuff in shoulders, and knee, and
>
> (3) Carry out without delay the treatment directed by such medical practitioner.

(Id., ¶VII.) Plaintiff does not seek money damages. (Id.)

III.     DISCUSSION

Jurisdiction over Plaintiff's Eighth Amendment claim and request for injunctive relief arises under 28 U.S.C. § 1331. See, Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 405 (1971) (discussing availability of equitable relief under Congress's general grant of jurisdiction to federal courts under § 1331.) Prison officials violate the Eighth Amendment's prohibition on cruel and unusual punishment "when they act deliberately indifferent to a prisoner's serious medical needs by 'intentionally denying or delaying access to medical care or interfering with the treatment once prescribed.'" Pearson v. Prison Health Serv., 850 F.3d 526, 534 (3d Cir. 2017) (quoting Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)). To state such an Eighth Amendment claim, "a plaintiff must make (1) a subjective showing that 'the defendants were deliberately indifferent to [his or her] medical needs' and (2) an objective showing that 'those needs were serious.'" Id. (quoting Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999); see also, Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002)).

4

Liberally construed, Plaintiff alleges in the complaint that defendants continued to prescribe an ineffective treatment of over-the-counter medication, solely for financial reasons, in deliberate indifference to Plaintiff's continued pain and possibility of permanent injury. The allegations, accepted as true at this stage of the litigation, are sufficient to state an Eighth Amendment claim. See e.g., White v. Napoleon, 897 F.2d 103, 109 (3d Cir. 1990) (finding complaint stated an Eighth Amendment claim by alleging doctor "insisted on continuing courses of treatment that the doctor knew were painful, ineffective or entailed substantial risk of serious harm to the prisoners."))

IV.  REQUEST FOR TRO AND PRELIMINARY INJUNCTION

Plaintiff seeks a temporary restraining order and/or preliminary injunction requiring defendants to arrange for Plaintiff's medical consultation with a qualified physician who has expertise in Plaintiff's particular medical issues, and to promptly carry out that physician's orders. "TROs are ordinarily aimed at temporarily preserving the status quo." Hope v. Warden York Cty. Prison, 956 F.3d 156, 160 (3d Cir. 2020). Plaintiff's requested relief goes beyond maintaining the status quo, it requires affirmative action to provide different medical evaluation and treatment. Thus, a TRO is not appropriate. See id. at 160 (quoting Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cty., 415 U.S. 423, 439 (1974) ("[U]nder federal law [TROs] should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer") (additional citations omitted).

The standard governing Plaintiff's request for a preliminary injunction is as follows:


> A preliminary injunction is an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit–Mar Enters., Inc.,* 176 F.3d 151, 153 (3d Cir.1999). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *Id.* Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Goff v. Harper,* 60 F.3d 518, 520 (8th Cir.1995).

Rush v. Corr. Med. Servs., Inc., 287 F. App'x 142, 144 (3d Cir. 2008). "Where the requested preliminary injunction 'is directed not merely at preserving the status quo but ... at providing mandatory relief, the burden on the moving party is particularly heavy.'" Bramble v. Wetzel, No. 4:20-CV-2394, 2021 WL 3190710, at *3 (M.D. Pa. July 27, 2021) (quoting Punnett v. Carter, 621 F.2d 578, 582 (3d Cir. 1980)).

    Plaintiff alleges he has had surgery on his shoulders for torn rotator cuff but continues, years later, to suffer from severe pain and loss of motion that is not relieved by over-the-counter medication. He also alleges having knee pain that is not relieved by over-the-counter medication. Plaintiff states upon information and belief that he fears he will suffer permanent injury if he is not evaluated and treated by an orthopedic specialist. Given these sparse allegations of potential harm without immediate relief, plus the fact that Plaintiff remains under the care of prison doctors and nurses, he has failed to meet the heavy burden to establish that he will suffer irreparable harm if he does not receive the immediate relief requested. Therefore, his request for preliminary injunctive relief is denied without prejudice. See e.g., Rush, 287 F. App'x at 144 ("Rush has failed to demonstrate that

his atrophied shoulder is the type of serious medical condition which places him in danger of immediate harm.)

V.     CONCLUSION

The Court will grant Plaintiff's IFP application and permit the complaint to proceed, but will deny Plaintiff's request for a TRO and/or preliminary injunction.

An appropriate Order follows.

DATE:  **February 2, 2022**

                                              s/Renée Marie Bumb
                                              **RENÉE MARIE BUMB**
                                              **United States District Judge**